UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARKO LEOPARD,<br><br>Defendant. | Case No. 2:17-cr-00306-JCM-PAL<br><br>ORDER |

The court conducted a hearing on defendant Marko Leopard's Case Management Statement (ECF No. 432) on November 29, 2018. Kelly Pearson and Alexander Gottfried appeared on behalf of the United States. The defendant appeared in custody with his counsel Angela Dows.

This case has been designated a complex case. Following the initial appearance of the first group of defendants arrested and a series of hearings, the court entered a Complex Scheduling and Case Management Order (ECF No. 405) on June 7, 2018. Defendant Leopard made his initial appearance on October 12, 2018. The court therefore gave counsel for Leopard an opportunity to confer with her client regarding the defendant's position concerning whether the complex case schedule and deadlines established in the court's case management order should apply to him or make an alternative proposal.

Leopard's Case Management Statement (ECF No. 432) requested an alternative scheduling order with a proposed March 2020 trial date, and August 2019 deadline for filing pretrial motions. However, the case management statement indicated that this was "Mr. Leopard's current thoughts on the matter. Said statement(s) should not be construed as a waiver of any/all arguments that could or will be made as to speedy trial waiver, due process and/or similar, especially if, for

1

example, the October of 2019 trial group seeks continuances such that it continues to extend out Mr. Leopard's trial date."

The government filed a Response (ECF No. 433) indicating the government did not oppose in principle Leopard's request for an alternative case management schedule or his proposed March 2020 trial date. However, because Leopard refused to waive his rights under the Speedy Trial Act, the government requests that the court find that any time between now and the commencement of his trial be excluded under 18 U.S.C. § 3161(h)(7). The government's response reiterates arguments made in connection with the original case management proposal that this is a complex case raising novel issues of fact and law with voluminous discovery. The government will be required to present expert testimony to explain and contextualize the evidence for the jury. The government estimates that the financial harm allegedly inflicted by the Infraud Organization involved in this indictment exceeds $530 million dollars with a United States Sentencing Guidelines intended loss exceeding $2 billion dollars. The government's response also indicated that the government "is ready and willing to try Defendant in October 2019, March 2020, or within the 70 days allotted by the Speedy Trial Act." If Leopard seeks to continue his trial in order to have more time to prepare his defense, the government does not oppose that request. However, the government argues that if the defendant is requesting a trial date 17 months in the future, he may not be permitted to later argue that he has been denied his right to a speedy trial. If Leopard will not waive his speedy trial rights, the government requests that his trial be set on or before December 21, 2018, which is within 70 days of his initial appearance and arraignment as provided by 18 U.S.C. § 3161(c)(1).

At the hearing, counsel for Leopard stated she recognized that she could not request a later trial date without complying with the provisions of the Speedy Trial Act. The statement regarding the defendant's speedy trial and due process rights was intended to cover the eventuality that the trial of the first group of defendants might be postponed. What she intended to convey was that Leopard would not waive his speedy trial or due process rights if a continuance of the first group of defendants set for trial in October of 2019 resulted in a further delay of Leopard's trial. She also discussed issues all of the defendants have had with accessing the voluminous discovery which is

1  in electronic format.  The court indicated those issues would be addressed at the status conference
2  currently set for December 11, 2018.

3   The court finds that Leopard is similarly situated to his co-defendants.  Leopard does not
4  claim otherwise.  He is one of a group of defendants who have been charged in a Second
5  Superseding Indictment (ECF No. 303) with racketeering conspiracy.  This case present complex
6  and novel issues of fact and law in that the second superseding indictment charges all of the
7  defendants with being members of a sophisticated international cyber crime racketeering
8  enterprise, known as the "Infraud Organization" which engaged in large-scale trafficking of
9  compromised credit card account data, personally-identifying information, and counterfeit
10 identification documents and access devices.  As alleged in the second superseding indictment, the
11 Organization's members engaged in money laundering and various types of computer crimes,
12 including computer intrusion and production and dissemination of malware.

13  Given the vastness of the Infraud Organization, the pattern of prolific criminal activity
14 allegedly committed by its international membership, and the fact that the Organization has been
15 operational since in or about December 2010, the government estimates that there are millions of
16 individual victims in this case.  The government also estimates that the financial harm allegedly
17 inflicted by this organization easily exceeds $530 million dollars with the United States Sentencing
18 Guideline intended loss exceeding $2 billion U.S. dollars.  The government anticipates that both
19 numbers will continue to rise as additional loss data is provided by financial institutions and credit
20 card companies.

21  The discovery materials in this matter consist of copies of websites, the databases
22 corresponding to those websites, a complete digital currency database, emails, social media
23 records, financial records, and other materials and are voluminous.  The government has generated
24 voluminous discovery as a result of the "global takedown" of the Infraud Organization conducted
25 by law enforcement worldwide on February 6, 2018.  Due to the involvement of multiple sovereign
26 nations, retrieving and making "takedown" discovery available to defense counsel involves a
27 lengthy and somewhat unpredictable process over which the government has little control.
28

The government has represented that this Infraud Organization investigation developed as a spinoff of the Carder.Su investigation and resulting prosecution in Case No. 2:12-cr-0004-APG-GWF (the "Carder.Su case"). The government has produced voluminous Carder.Su discovery as part of the discovery production in this case.

A coordinating discovery attorney has been appointed by the court to organize and manage the flow of discovery to defense counsel. The coordinating discovery attorney has been provided with electronic storage media containing a verified copy of the government's discovery production for each phase. However, the court is informed that there have been various obstacles with the electronic discovery that has prevented meaningful defense access to the bulk of the discovery the government has produced to date.

Given the voluminous amount of discovery, defense counsel will need substantial time in order to thoroughly review it and to conduct any necessary follow up investigation. Counsel for Leopard indicated at the hearing that she requested a March 2020 trial date and August 2019 deadline for filing pretrial motions because she had not yet had meaningful access to any of the electronic discovery and did not believe she could be prepared to meet the current February 1, 2019 deadline for filing pretrial motions. The court expects defense counsel for all of the defendants will request an extension of the current pretrial motion deadline and will address this issue as well as the difficulties defense counsel have had with accessing the discovery at the next regularly scheduled status conference on December 11, 2018.

Having reviewed and considered defendant's case management statement and the arguments of counsel at the hearing, the court finds that Leopard is similarly situated to his co-defendants, and should be joined for trial with the trial of his co-defendants, and subject to the same case management order. Accordingly,

**IT IS ORDERED** that:

1. Defendant Marko Leopard's request for a March 2020 trial and August 2019 deadline for filing pretrial motions is **DENIED without prejudice**.
2. Leopard is joined for trial with a trial of his co-defendants pursuant to the provisions of the Speedy Trial Act.

4

3. This case has already been designated as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B). For the same reasons the court found in its Findings of Fact and Conclusions of Law in the Complex Schedule and Case Management Order (ECF No. 405) which is incorporated in its entirety in this order, Leopard's case is complex and requires special scheduling review.

4. The time between Leopard's arraignment and plea in this case until the trial in this matter is excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), considering the factors under 18 U.S.C. 3161(h)(8)(B)(1)(i) and (ii).

5. Leopard is joined for trial with the trial of his co-defendants. The trial is currently set for October 7, 2019 at 9:00 a.m. in Courtroom 6A before the Honorable James C. Mahan. Calendar Call is set for October 2, 2019, at 1:30 p.m. in Courtroom 6A.

6. The following pretrial motion deadline shall apply:

    a. Deadline for filing pretrial motions and notices required by Rule 12 and LCR 12(b): **February 1, 2019**.

    b. Deadline for filing responses to pretrial motions and notices required by Rule 12 and LCR 12(b): **March 4, 2019**.

    c. Deadline for filing replies to pretrial motions and notices required by Rule 12 and LCR 12(b): **March 19, 2019**, or fourteen dates after the response, whichever is earlier.

DATED this 4th day of December, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE